United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD ASPEN,

    Plaintiff,

v.

GAVIN NEWSOM, Mayor;
CITY OF SAN FRANCISCO, CA,

    Defendants.

No. C 09-5589 CRB

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

    Plaintiff Richard Aspen filed this civil rights suit against Mayor Gavin Newsom and the City of San Francisco, alleging that they infringed on his First Amendment rights. Now pending before this Court is Defendants' Motion to Dismiss. Because Plaintiff has failed to allege facts sufficient to establish that he has standing to bring this lawsuit, Defendants' motion is GRANTED, with leave to amend. Plaintiff's amended complaint is due within 20 days of the date this Order is filed.

**DISCUSSION**

**I.    Legal Standard**

    Under Rule 12(b)(6), a party may move to dismiss a cause of action which fails to state a claim upon which relief can be granted. On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Wyler-Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d

658, 661 (9th Cir. 1998).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To do so, a plaintiff must allege, among other things, specific facts sufficient to show the he has standing to bring the lawsuit. *Loritz v. United States Court of Appeals for the Ninth Circuit*, 382 F.3d 990, 991 (2004).  To establish standing, a Plaintiff must demonstrate that he "(1) has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868-69 (9th Cir. 2002) (internal quotations omitted).

## II.     Plaintiff's Complaint

Plaintiff's complaint contains only one relevant factual allegation: "In 2008, the City of San Francisco decided to license buskers."  Complaint at 3.  This allegation is plainly insufficient to establish that Plaintiff has standing to bring the current lawsuit.  Plaintiff does not, for example, identify a "concrete and particularized" injury that he received as a result of the City's licensing scheme.  Nor does he explain how a specific injury he suffered is causally connected to actions by the City or how a favorable decision by this Court would redress that injury.

Because Plaintiff has failed to allege facts sufficient to support a finding that he has standing, Defendant's motion to dismiss is GRANTED, with leave to amend.  In his amended complaint, plaintiff should, at a minimum:

- Identify the City law or regulations that he is challenging as specifically as possible
- Clearly state, again as specifically as possible, how the law or regulation has caused him actual or imminent harm
- State how the City has caused that harm
- Explain how a favorable decision by this Court will redress that harm

2

1 | The Plaintiff's amended complaint is due 20 days from the date of this order.

**IT IS SO ORDERED.**

Dated: March 31, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE