IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ASPEN,<br><br>    Plaintiff,<br><br>  v.<br><br>GAVIN NEWSOM, Mayor;<br>CITY OF SAN FRANCISCO, CA,<br><br>    Defendants.| No. C 09-5589 CRB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

    Pro Se Plaintiff Richard Aspen brings this action seeking to enjoin the City of San Francisco from enforcing certain programs that allegedly violate his right to free speech protected by the First Amendment. He also seeks monetary damages and attorney's fees as a result of said violation.

    Now pending before this Court is Defendants' motion to dismiss Plaintiff's First Amended Complaint. Because Plaintiff has failed, for the second time, to allege facts sufficient to establish that he has standing to bring this lawsuit, Defendants' motion is GRANTED with prejudice.

**BACKGROUND**

As this case comes before this Court on a motion to dismiss, the following recitation of facts is taken entirely from the allegations in the Complaint and the First Amended Complaint ("FAC").[1]

Plaintiff is a street performer who frequently performs "the ancient [G]reek art of non-verbal communication: pantomime." Compl. at 3:3-4. On November 24, 2009, Plaintiff filed this lawsuit against Mayor Gavin Newsom and the City of San Francisco, challenging two of the City's programs: The Port of San Francisco's Fisherman's Wharf Street Performer Program ("Port Program") and the San Francisco Arts Commission's Street Artists Program ("Street Artists Program") (collectively referred to as the "Programs"). FAC at 2:8-12. Specifically, Plaintiff challenges the 2008 Port Program under the First Amendment as unlawfully requiring a "license to busk," which serves as a "punitive negative slap" and a "direct assault on [his] freedom" to express himself in public places. Id. at 3:10-11. Plaintiff also challenges the Street Artist Program, alleging that it violates his First Amendment rights by requiring him to obtain a license to sell his "art poster" on the street where he performs. Id. at 3:10, 3:25-26.

Plaintiff seeks monetary damages and attorney's fees as a result of the injuries allegedly caused by the Programs. He also seeks to enjoin the City of San Francisco from carrying out and enforcing the Programs. Compl. at 5:6, 5:10, 5:25-26.

**DISCUSSION**

**1.    Legal Standard**

Defendants move to dismiss this matter under 12(b)(1) for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be

---

[1] The Court assumes that Plaintiff intended to incorporate his original Complaint in his First Amended Complaint. See, e.g., Jones v. Cmty. Redevelopment Agency Of the City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (the allegations of a pro se complaint, however inartfully pleaded, should be held to less stringent standards than formal pleadings drafted by lawyers) (internal quotations omitted).

granted. We must first address the 12(b)(1) motion because a successful motion would deprive this Court of jurisdiction to hear the merits of the 12(b)(6) claim. See Li v. Chertoff, 482 F. Supp. 2d 1172, 1175-76 (S.D. Cal. 2007).

In order for this Court to have subject matter jurisdiction over this matter, Plaintiff must allege facts sufficient to meet the standing requirement of Article III. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). To satisfy Article III's standing requirement, Plaintiff must show that (1) he "has suffered injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Bernhardt v. County of Los Angeles, 279 F.3d 862, 868-69 (9th Cir. 2002) (internal quotations omitted). The absence of any one element deprives a plaintiff of Article III standing and requires dismissal. See Whitmore v. Federal Election Comm'n, 68 F.3d 1212, 1215 (9th Cir. 1995).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleadings was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect "without contradicting any of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted. Id. at 296-97.

**2.      The Complaint Fails to Establish Standing**

A plaintiff must establish an injury in fact in order to establish standing under Article III. Bernhardt, 279 F.3d at 868. An injury in fact is an invasion of a legally protected interest that is concrete and particularized and actual or imminent, as opposed to

1 conjectural or hypothetical. Lujan, 504 U.S. at 560.[2] "Hypothetical, speculative or other
2 possible future injuries do not count in the standing calculus." Schmier v. U.S. Court of
3 Appeals for the Ninth Circuit, 279 F.3d 817, 821 (9th Cir. 2002). However, a plaintiff
4 who mounts a facial challenge to an ordinance, as is the case here, standing may be
5 established by "alleging that they have modified [their] behavior as a result of the
6 ordinance, such as by choosing locations other than [the areas subject to the ordinance]."
7 Long Beach Area Peace Network v. City of Long Beach, 574 F.3d 1011, 1019 (9th Cir.
8 2009) (internal quotations omitted). To be sure, a plaintiff "need not apply for a benefit
9 conditioned by a facially unconstitutional law" in order to establish standing, but he must
10 demonstrate "a serious interest in subjecting [himself] to the challenged measure," and
11 that "the defendant is seriously intent on enforcing the challenged measure." Id. However,
12 the "mere existence of a statute, which may or may not ever be applied to plaintiffs, is not
13 sufficient to create a case or controversy within the meaning of Article III." San Diego
14 County Gun Rights Comm., 98 F.3d, 1121, 1126 (9th Cir. 1996).

15 Here, Plaintiff alleges that (1) the Port Program's licensing requirement with
16 respect to buskers is a "punitive negative slap" and a "direct assault on [his] freedom,
17 FAC at 3:10-11, and that (2) the Street Artist Program prevents him from selling his "art
18 poster" without a license. Id. at 3:25-26. Defendants' correctly argue that neither of these
19 alleged injuries constitute an injury in fact.

20 Regarding the alleged injury caused by the Port Program, Plaintiff has failed to set
21 forth any facts in his FAC that would amount to a legally cognizable injury. Plaintiff does
22 not allege that he has ever applied for or been denied a permit to perform pantomime. Nor
23 does he allege that Defendants have ever enforced or threatened to enforce the Program's

---

[2] While pro se pleadings are construed liberally, the plaintiff still has the burden of alleging specific facts sufficient to satisfy, among other things, the standing elements. See Loritz v. U.S. Court of Appeals for the Ninth Circuit, 382 F.3d 990, 991 (9th Cir. 2004)

4

regulations against him. Furthermore, Plaintiff has failed to establish that he has modified his behavior as a result of this law–e.g., that he used to busk in a certain area and is now prohibited from doing so–or that he intends to apply for a license to busk and "subject himself to the challenged measure." Instead, Plaintiff argues from an abstract and philosophical prospective, musing that such programs restrict the freedom of performance artists generally. See FAC at 3:21-27. This falls well short of the "concrete and particularized" injury required by Article III.

Likewise, with respect to the injury caused by the Street Artist Program, Plaintiff has failed to establish how he is prevented from selling the "art poster" he created in 1991. At the hearing, Plaintiff stated that a police officer informed him that he needed a permit in order to sell his poster in the designated area. However, Plaintiff went on to state that he never attempted to obtain a permit. Nor did he demonstrate a serious interest in subjecting himself to the Street Artist Program's measures. See City of Long Beach, 574 F.3d at 1019. Plaintiff states in his FAC that he created the poster for "display and educational purposes" and agreed to let the Boy Scouts of America use it "for no money." FAC at 3:10, 3:17-19. In nearly 20 years since creating the poster, Plaintiff has not listed a single instance where he sold or tried to sell the poster.

Plaintiff's contention that the Street Artist Program prevents him from selling his poster is the type of purely hypothetical or conjectural injury that is proscribed by Article III's standing requirement. See Lujan, 504 U.S. at 560.

Resolution of this issue is dispositive because the absence of any one element of standing deprives this Court of subject matter jurisdiction and requires dismissal. See Whitmore v. Federal Election Comm'n, 68 F.3d 1212, 1215 (9th Cir. 1995).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED with prejudice because leave to file a second amended complaint would be futile.

5

1  **IT IS SO ORDERED.**



4  Dated: July 7, 2010

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE